UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

HENDRIKA MAXWELL, *et al.*,

        Interpleader-Defendants,

-against-                                            1:21-CV-00346 (LEK/ATB)

ERIN LYNCH,

        Interpleader-Defendant.[1]

## **MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

On March 25, 2021, Plaintiff New York Life Group Insurance Company of NY ("NY Life") commenced this interpleader action pursuant to Federal Rule of Civil Procedure 22 and 29 U.S.C. § 1132(a)(3)(B), seeking discharge from all liability in connection with a life insurance plan ("Plan") previously issued to Dreena Verhagen ("Decedent"), and "request[ing] that this Court determine to whom the Plan Benefits should be paid." Dkt. No. 1 ("Complaint") ¶ 36. NY Life named the following Interpleader-Defendants as potential claimants to the Plan's proceeds ("Plan Benefits"): Hendrika Maxwell, Decedent's sister; Samantha Kantola, the Voluntary Administrator of the Estate of Randi S. Hongisto, Decedent's friend;[2] Erin Lynch, Decedent's friend; Heidi Verhagen, Decedent's sister; Jessica Dulong, Decedent's niece; Scott Dulong, Decedent's nephew; James Verhagen, Decedent's brother; Shirley A. Davis, Decedent's sister;

---

[1] Given that Plaintiff New York Life Group Insurance Company of NY is no longer a party to this interpleader action, the Court respectfully directs the Clerk of the Court to update the case caption on ECF to Maxwell et al. v. Lynch.

[2] Kantola has not filed an answer to the Complaint. See Docket. On September 6, 2022, Lynch informed the Honorable Andrew T. Baxter, United States Magistrate Judge, that Kantola did not intend to participate in this action. See Dkt., Text Minute Entry, Sept. 6, 2022.

and Peter Verhagen, Decedent's brother (collectively, "Interpleader-Defendants").[3] Compl. ¶¶ 2–10. On December 2, 2022, the Court granted NY Life's request that it be discharged from the action, but the Court denied NY Life's request that the Interpleader-Defendants be enjoined from raising any Claims against NY Life and its associated entities[4] regarding the Plan Benefits. See Dkt. No. 106 ("December 2022 Order").

Now before the Court is a Motion for Judgment on the Pleadings pursuant to Rule 12(c) filed by Maxwell, Heidi Verhagen, Jessica Dulong, Scott Dulong, James Verhagen, and Davis. See Mot. For the reasons that follow, the Court denies the Motion.

## II.   BACKGROUND

### A. Factual Background

Decedent was a former employee of Centene and a participant in the Plan, Compl. ¶ 13, which provided for life insurance coverage in the amount of $138,000, id. ¶ 23. The Plan is an employee welfare benefit plan regulated by the Employee Retirement Income Security Act ("ERISA"). Id. ¶ 13. The Plan is sponsored by Centene and funded by a group life insurance policy initially issued by Cigna Life Insurance Company of New York ("Cigna"). Id.

Following Decedent's death, several Interpleader-Defendants asserted competing claims to the Plan Benefits. Id. ¶¶ 20–35. The Court summarized the dispute over the Plan Benefits in detail in its December 2022 Order, familiarity with which is assumed. See Dec. 2022 Order at 3–5. For the purposes of this Memorandum-Decision and Order, the Court need only reemphasize that before Cigna administered the Plan Benefits, NY Life acquired Cigna on December 31, 2020, "resulting in a change to [Cigna]'s corporate ownership." Compl. ¶ 14. After NY Life

---

[3] Peter Verhagen has not filed an answer to the Complaint. Dkt. No. 92-2 ¶ 10; see also Docket.

[4] These "associated entities" include Centene Company of New York, LLC ("Centene") and the Plan itself. Dkt. No. 107 ("Motion") at 2.

reviewed the ongoing dispute, it found that it could not "determine the proper beneficiaries of the Plan Benefits at issue without risking exposure of itself, the Plan, and Centene[—Decedent's former employer—]to multiple liabilities." Id. ¶ 33.

### B. Procedural History

Given its stated inability to determine the proper beneficiaries of the Plan Benefits, NY Life commenced this action by filing a Complaint in interpleader on March 25, 2021. See Compl. The procedural history of this case from March 25, 2021, to NY Life's discharge from the action on December 2, 2022, is recounted in detail in the Court's December 2022 Order, familiarity with which is assumed. See Dec. 2022 Order at 6–8.

In that same order, the Court observed that the Interpleader-Defendants "in the instant action . . . failed to raise any counterclaims against NY Life concerning the Plan Benefits." Id. at 12. Accordingly, the Court ordered that "NY Life and its associated entities [be] discharged from further liability under the Plan with respect to Decedent's death." Id. (citations omitted). However, the Court denied NY Life's request for "injunctive relief to enjoin the parties from instituting or prosecuting any action against NY Life and its associated entities with respect to the Plan," for failing to "show[] irreparable harm." Id. at 12–13, 15.

In the December 2022 Order, the Court also warned Interpleader-Defendants Samantha Kantola and Peter Verhagen that "[t]he failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the *res* can be viewed as forfeiting any claim of entitlement [to it]." Id. at 7 n.9 (quoting Gen. Accident Grp. v. Gagliardi, 593 F. Supp. 1080, 1089 (D. Conn. 1984)). In addition, the Court expressed "concerns about one attorney representing both Decedent's siblings, and Decedent's niece and nephew, in the same action," since "their claims to the contested Plan Benefits are adverse." Id. at 8 n.10.

3

Shortly after the Court issued the December 2022 Order, Maxwell, Heidi Verhagen, Jessica Dulong, Scott Dulong, James Verhagen, and Davis (collectively, "Moving Defendants") filed the present Motion on January 10, 2023. See Mot. In support of their Motion, the Moving Defendants "provid[ed] the Court with the complete administrative record on which" Cigna and NY Life administered the dispute over the Plan Benefits. Dkt. No. 107-1 ¶ 2. Two days later, on January 12, 2023, Judge Baxter held a telephonic status conference, where he informed pro se litigant Erin Lynch of her "need to respond to [the Motion] by [January 31,] 2023 . . . ." Dkt., Text Minute Entry, Jan. 12, 2023. Counsel for the Moving Defendants also informed Judge Baxter that counsel discussed the possible conflicts of interest identified by the Court in the December 2022 Order with the Moving Defendants, see id., and that his clients gave informed consent, see Dkt. No. 107-3 ("Moving Defendants' Memorandum") at 2 n.1. Lynch responded to the Motion on January 30, 2023. Dkt. No. 110 ("Lynch's Response"). The Moving Defendants replied on February 7, 2023, Dkt. No. 111 ("Moving Defendants' Reply"), and Lynch filed a sur-reply on February 15, 2023, Dkt. No. 113 ("Lynch's Sur-Reply").

### III.  LEGAL STANDARD

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Pleadings" include both the "complaint" and the "answer to [the] complaint." Fed. R. Civ. P. 7(a). In addition to the pleadings, the court may also consider "any written document attached to them, and any matter of which the court can take judicial notice for the factual background of the case." Roberts v. Babkiewicz, 582 F.3d 419, 419 (2d Cir. 2009) (per curiam).

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." Lynch v. City of New

York, 952 F.3d 67, 75 (2d Cir. 2020) (cleaned up). "To survive a Rule 12(c) motion, [the moving party's pleadings] must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010) (cleaned up).

"Like a motion under Rule 12(b)(6), a motion under Rule 12(c) may be filed before discovery is complete." Lively v. WAFRA Inv. Advisory Grp., Inc., 6 F.4th 293, 301 (2d Cir. 2021) (citing Fed. R. Civ. P. 12(c)). "Until both parties have an opportunity to test their evidence at summary judgment or trial, [a court] must accept the non-movant's pleading as true and decline to weigh competing allegations asserted by the moving party." Id.

"Judgment on the pleadings is not appropriate if there are issues of fact which if proved would defeat recovery, even if the trial court is convinced that the party opposing the motion is unlikely to prevail at trial." Id. (cleaned up). Whereas "a court may consider undisputed allegations of fact on a Rule 12(c) motion under the same standard as Rule 12(b)(6)," the court "may not use a motion for judgment on the pleadings to weigh disputed factual allegations." Id. at 302.

"Rule 12(c) has limited usefulness today in light of both Rule 12(b)(6) and Rule 12(d), which requires a court to convert a motion under Rule 12(b)(6) or 12(c) into a motion for summary judgment whenever 'matters outside the pleadings are presented to and not excluded by the court.'" Id. (quoting Fed. R. Civ. P. 12(d)). However, courts may "decline[]" to convert a motion into a summary judgment motion when the parties "ha[ve] not yet had any opportunity to take discovery." Safka Holdings LLC v. iPlay, Inc., 42 F. Supp. 3d 488, 491 (S.D.N.Y. 2013) (citations omitted); see also Hellstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir.

5

2000) ("Only in the rarest of cases may summary judgment be granted against a [party] who has not been afforded the opportunity to conduct discovery.").

IV. **DISCUSSION**

Here, the Moving Defendants have offered materials *outside* the pleadings in support of their Motion for Judgment *on* the Pleadings. Specifically, the Moving Defendants have "provid[ed] the Court with the complete administrative record on which" Cigna and NY Life administered the dispute over the Plan Benefits before NY Life filed this action in interpleader pursuant to Federal Rule of Civil Procedure 22 and 29 U.S.C. § 1132(a)(3)(B). Dkt. No. 107-1 ¶ 2. The Moving Defendants assert in a footnote that the Court may take judicial notice of these extrinsic materials—which include a handwriting expert's report on the authenticity of Decedent's signature on a beneficiary designation form, Dkt. No. 107-2 at 43–45—to resolve the dispute over the distribution of the Plan Benefits, but the Moving Defendants fail to provide any authority in support of their assertion that such materials may be judicially noticed. See Moving Defs.' Mem. at 7 n.3.

Instead, the Moving Defendants rely on numerous authorities where federal courts adjudicated challenges to various benefit eligibility determinations made by the administrators or fiduciaries of employee benefit plans governed by ERISA. See id. at 7–8 (citing Halberg v. United Behav. Health, 408 F. Supp. 3d 118 (E.D.N.Y. 2019) (adjudicating a challenge to a health insurance company's denial of coverage for medical treatment under an ERISA-governed health insurance plan); Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989) (adjudicating a challenge to an employer's denial of severance benefits under an ERISA-governed termination pay plan); Conkright v. Frommert, 559 U.S. 506 (2010) (adjudicating a challenge to an ERISA-governed plan administrator's calculation of pension benefits); and Fuller v. J.P. Morgan Chase

& Co., 423 F.3d 104 (2d Cir. 2005) (adjudicating a challenge to an employer's decision to terminate disability benefits under an ERISA-governed plan)). Together, these cases stand for the proposition that when a plaintiff challenges a benefits determination under ERISA, a court must apply "a deferential standard of review" to such a determination, Conkright, 559 U.S. at 512, if "the benefit[s] plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan," Bruch, 489 U.S. at 115. See also Fuller, 423 F.3d at 106–07 ("Where the written plan documents confer upon a plan administrator the discretionary authority to determine eligibility, we will not disturb the administrator's ultimate conclusion unless it is arbitrary and capricious. Under this highly deferential standard of review, this Court cannot substitute its judgment for that of the Plan Administrator and will not overturn a decision to deny or terminate benefits unless it was without reason, unsupported by substantial evidence or erroneous as a matter of law." (internal citations and quotation marks omitted)).

However, this action does not involve any such challenge to a benefits determination. For instance, Lynch did not initiate this action to challenge any prior determination by NY Life to deny her a portion of the Plan Benefits. Nor did the Moving Defendants initiate this action or file a counterclaim against NY Life for refusing to award them the Plan Benefits. Rather, NY Life initiated this action in interpleader because it could not "determine the proper beneficiaries of the Plan Benefits at issue without risking exposure of itself, the Plan, and Centene to multiple liabilities." Compl. ¶ 33; see also Lynch's Sur-Reply at 2 ("The insurance company was unable to make a conclusive determination that the siblings are entitled to the policy proceeds. Hence this proceeding."). The Moving Defendants' representation that NY Life already determined "that Decedent's siblings are the only eligible recipients of the life insurance benefits" is thus

7

plainly incorrect. This Court would not be adjudicating this interpleader action pursuant to 29 U.S.C. § 1132(a)(3)(B) if NY Life had already made that determination.

The central issue remaining in this interpleader action is whether Decedent's signature on the beneficiary designation form was forged. "Under New York law, a forgery renders a contract, such as an insurance beneficiary designation, unenforceable." Metro. Life Ins. Co. v. Giscombe, No. 19-CV-4463, 2022 WL 2467066, at *7 (E.D.N.Y. Jan. 21, 2022) (citing Beckwith v. Beckwith, 952 N.Y.S.2d 796, 797 (N.Y. App. Div. 2012)), rep. rec. adopted, 2022 WL 2704572 (E.D.N.Y. July 12, 2022). In her Answer, Lynch pled that the contested beneficiary designation form is "valid and correct" and not the result of forgery. See Dkt. No. 61. Such allegations are sufficient to defeat the Moving Defendant's Motion for Judgment on the Pleadings, since at this stage of the litigation, the Court "must accept the non-movant's pleading as true and decline to weigh competing allegations asserted by the moving party." Lively, 6 F.4th at 301 (citing Fed. R. Civ. P. 12(c)). The Court will therefore not consider the extrinsic materials offered by the Moving Defendants—which include a handwriting expert's report on the authenticity of Decedent's signature on the beneficiary designation form—at this stage of the litigation. Nor will the Court convert the Motion into one for summary judgment, as Lynch "has not yet had any opportunity to take discovery." Safka Holdings LLC, 42 F. Supp. 3d at 491 (citations omitted); see also Hellstrom, 201 F.3d at 97 ("Only in the rarest of cases may summary judgment be granted against a [party] who has not been afforded the opportunity to conduct discovery.").

While it remains an open question whether Decedent's signature was forged, it is clear at this point in the litigation that Kantola and Peter Verhagen have forfeited any claim to the contested Plan Benefits by failing to file answers to the interpleader Complaint. See Dkt. Nos.

93–96 (the Moving Defendants arguing that because Kantola and Peter Verhagen failed to file answers, neither party should receive any portion of the plan); Dec. 2022 Order at 7 n.9 (warning Kantola and Peter Verhagen that their "failure . . . to answer the interpleader [C]omplaint and assert a claim to the *res*" may result in their "forfeiting any claim of entitlement [to it]" (quoting Gen. Accident Grp., 593 F. Supp. at 1089)); Moving Defs.' Reply at 6 ("Both sides agree . . . that [Peter Verhagen] in fact defaulted and is disinterested. As such, he should be excluded from disbursement . . . ."). Accordingly, the Court dismisses Kantola and Peter Verhagen's claims to the Plan Benefits, and directs the Clerk of the Court to terminate them from this action.

## V.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Moving Defendants' Motion for Judgment on the Pleadings (Dkt. No. 107) is **DENIED**; and it is further

**ORDERED**, that any claims to the Plan Benefits on behalf of Interpleader-Defendant Samantha Kantola and Interpleader-Defendant Peter Verhagen are hereby **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court is directed to **TERMINATE** Samantha Kantola and Peter Verhagen as Interpleader-Defendants to this action; and it is further

**ORDERED**, that the Clerk is directed to update the docket on ECF to reflect the case caption that appears on the first page of this Memorandum-Decision and Order; and it is further

**ORDERED**, that the Clerk shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:	April 24, 2023
	Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge